16786

HINSON v. CATAWBA INS. CO.
(78 S. E. (2d) 235)

228

*Messrs. Hugh Beasley, and Mays, Featherstone & Bradford,* of Greenwood, *for Appellant,* 

*Messrs. Babb & Babb,* of Laurens, and *Smythe & Smythe,* of Charleston, *for Respondent,* 

October 12, 1953.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas of Laurens County where action was brought to recover on a fire insurance policy for loss by fire of a dwelling house owned by appellant at Folly Beach in Charleston County, South Carolina.

Appellant owned a furnished house at 507 W. Ashley Ave., Folly Beach, which is in Charleston County, but lived in Laurens County and conducted a furniture business in Greenwood, South Carolina. Desiring to insure the premises at Folly Beach, he, on August 22, 1950, wrote to the Olasov Insurance Company of Charleston, South Carolina, as follows:

"I would like to insure my house at 507 W. Ashley Ave. for fire, theft and storm in the amount of $3,000.00 and the furniture for $500.00.

"Kindly advise what the cost of this insurance will be."

Four days thereafter, on August 26, Mr. Bernard J. Olasov, of the Olasov Agency, replied in part as follows:

"Thank you very much for your inquiry of August 22 regarding insurance on your home. * * * You did not

advise the construction of your house, the number of families occupying it, or whether the house is occupied by the owner. All of the foregoing will have a bearing on the rate. * * * We would appreciate your order for this insurance and ask that you furnish us with the information necessary to properly write the policy."

In reply to the foregoing inquiry, appellant answered as follows:

"This is in answer to your letter dated August 26 in reference to issuing the house at 507 W. Ashley Ave.

"The following information submitted:

"Wood Frame Building

"Not occupied by owner

"Occupied by tenants tenure undertermined.

"We would like to get this building insured at your earlist convenience. Kindly state amount insurance will be and we will mail check."

As a result of this correspondence the policy in question was issued. A portion of which appears as:

"This policy covers the following described property, all situated * * * 507 W. Ashley Ave * * * City or Town of * * * Charleston * * * South Carolina."

The foregoing quotation being printed in the policy form with the exception of the words "507 W. Ashley Ave." and "Charleston" which were inserted by typewriter. Appellant, upon receipt of the policy, placed it in his safe at his place of business without reading it and did not realize that the description was inaccurate until after the fire.

Upon being informed in Greenwood, South Carolina, that the Folly Beach property had been destroyed by fire, he immediately notified the Olasov Agency by telephone and they replied that an adjuster would be sent to check the loss and that he would be contacted with the next few days. Shortly thereafter, on June 12, 1951, he received the following letter from the Olasov Agency:

"Re: Catawba No. OC892

"This refers to your telephone conversation with our office and your letter dated June 9, 1951 in which you advise us of fire loss occurring at 507 Ashley Avenue, Folly Beach, South Carolina. We may advise that the captioned policy which was cancelled effective December 11, 1950 does not insure property located at Folly Beach, S. C."

The reference to cancellation, however, was an error in that it is conceded that the premium was paid by check, December 7, 1950, and has no bearing upon the questions in this appeal.

Also introduced into the record was the office form used by the Olasov Agency a portion of which appears as:

"No. 507 . . . . . . . . .,. ./S . . . . . . . . . .
W. Ashley Ave. . . . . . . . . . . . . . Street,
Charleston, S. C."

The number and "W. Ashley Ave." were inserted in a printed form by hand.

Both appellant and Mr. Olasov are well acquainted with the City of Charleston the former having lived there in the past and the latter being a native Charlestonian. It is apparent that there is no street known as W. Ashley Avenue and no house numbered 507 Ashley Avenue.

Appellant duly filed proof of loss but respondent denied liability and tendered plaintiff the amount of premium which was refused. Action was then brought in the Court of Common Pleas for Laurens County and heard by the Honorable Steve C. Griffith and a jury which resulted in a directed verdict for the defendant-respondent. On appeal, respondent takes the position that there was no meeting of the minds; hence no contract; further, that appellant is estopped by his own negligence from contending that the policy covered the Folly Beach property.

The record discloses that the building premium rate on the policy in question is 32¢ per hundred for the building and 36¢ per hundred for the contents with 26¢ per hundred

for extended coverage. This is the standard rate charged for such insurance in the City of Charleston while the standard rate applicable for property located at Folly Beach, South Carolina, as of the date of the issuance of this policy was 88¢ per hundred on a building, 98¢ per hundred on the contents and 34¢ per hundred on extended coverage, which is some indication that respondent at no time was aware that appellant's house was located at Folly Beach.

Appellant knew the location of his property better than anyone else. He was aware that Folly Beach was not a part of the City of Charleston when he wrote for coverage of "my house at 507 W. Ashley Avenue." By this description, respondent assumed that he was referring to property located in the city and used the form which was made up for such purpose and charged the premium rate for city property. Had appellant at any time, even after respondent's request for further information, stated that the property was located at Folly Beach or had he read the policy after its delivery which was his duty, it is highly probable that the controversy now before this Court would not have arisen. Under the undisputed facts it is clear that there was no meeting of the minds as to property to be covered in the policy and therefore no contract.

We are of the opinion that the trial Court committed no error when it directed a verdict for respondent for the reason that there had been no meeting of the minds; that all exceptions should be dismissed and it is so ordered.

BAKER, C. J., and STUKES and OXNER, JJ., concur.

FISHBURNE, J., not participating.